### Ex Parte A. V. B. Thomas.

CHANCERY CLERK.  *Fees.  Attending court.  Annual allowance.*
> The three dollars *per diem* for attendance, and the annual allowance of fifty dollars paid from county treasuries to circuit clerks, under Code 1880, § 444, governing their fees in criminal matters, is not allowable to chancery clerks under § 442, which gives them for unenumerated services the fees of circuit clerks for like services.

APPEAL from the Chancery Court of Grenada County.
Hon. J. B. MORGAN, Chancellor.
*W. C. McLean,* for the appellant.

Under Code 1880, § 442, the appellant could be allowed the sums of fifty dollars and the three dollars a day given circuit clerks. The case of *Ex parte Patty,* 56 Miss. 499, relates alone to services as clerk of the board of supervisors, and is inapplicable to the point now under consideration.

No counsel, *contra.*

COOPER, J., delivered the opinion of the court.

The relator appeals from an order dismissing a claim preferred by him for an allowance of fifty dollars per annum for public services during the years 1880 and 1881, for which no fees are specifically provided, and for sixty dollars for twenty days' attendance on the court.

Code 1880, § 442, fixes the fees of clerks of the Chancery Court for services therein specifically named, and concludes with the provision that "for all other services the same fees as are allowed clerks of the Circuit Courts for similar services." Section 443 enumerates the services in civil causes for which fees are allowed to the circuit clerks, and regulates the amount permitted to be charged for each service. Section 444 relates to the fees of the clerks of the Circuit Courts in criminal mat-

ters, and, among other specifically given fees, allows "for each day's attendance on the Circuit Court, to be paid out of the county treasury, three dollars." This section concludes: "For all public services not herein particularly provided for, the court is hereby authorized to allow the clerk not exceeding fifty dollars for any year, to be paid out of the county treasury, on presentation to the treasurer of a duly certified copy of the order of allowance."

The "other services" for which the clerk of the Chancery Court may charge such fees as are allowed clerks of the Circuit Courts, are such "services" as are named in § 443. By comparison of the fees allowed to clerks of the Circuit Courts by §§ 443, 444, it will be seen that the fees for the same services are not the same in civil and criminal causes. In civil causes, a fee of seventy-five cents is allowed for each writ other than those specifically named. In criminal cases the fee is for each writ other than subpœnas. In civil cases, he is allowed for each subpœna with one name twenty-five cents, and for each additional name ten cents, while in criminal cases he is allowed twenty-five cents for one name and five cents for each one additional. In civil cases, for entering each motion and order twenty-five cents, while in criminal cases the fee is fifteen cents. It is apparent that the criterion for fixing the charges must be one or the other, and not both, of these sections. The services rendered by clerks of the Chancery Courts are in civil cases only, and the fees to which they are entitled are chargeable only to litigants. The Circuit Courts having jurisdiction in criminal matters, many services arising therefrom are rendered by the clerks of this court, and the allowances of three dollars per day for attendance on the courts, and of a sum not exceeding fifty dollars per annum for public services, are given in compensation of these services. The clerks of the Chancery Courts are *ex officio* clerks of the boards of supervisors, and because, as clerk of this body, public services are rendered, he is allowed by § 2142 the like fees as by § 445 are given to the clerks of the Circuit Courts.

*Decree affirmed.*