HOOKER *et al. v.* GULLY, STATE TAX COLLECTOR.

(Division B.  April 4, 1938.)

[180 So. 65.  No. 33147.]

J. A. Covington, Jr., of Meridian, and A. M. Mitchell, of Pontotoc, for appellants.

**E. C. Sharp**, of Booneville, for appellee.

Argued orally by **E. C. Sharp**, for appellant.

**Ethridge, P. J.,** delivered opinion of the court.

J. B. Gully, State Tax Collector, brought suit against T. B. Gilmore, Chancery Clerk, and the surety on his

bond, and J. E. Hooker, E. L. Johnson, John Morris Tutor, J. Frank Butler and Kelly Stewart, members of the Board of Supervisors, and the sureties on their respective bonds, for allowances made to T. B. Gilmore for $200 for each year of the period from 1932 to 1936, on warrants issued every six months on claims presented to the Board of Supervisors by Gilmore for alleged services under subsection (t) of section 1786, Code of 1930, such claims reading as follows: "Pontotoc County, Dr., to T. B. Gilmore, Chancery Clerk. To amount for services first half of 1932 as other service of the Chancery Court, Laws 1930, 1786, $100.00. Examined and approved for $100.00, this the 12th day of July, 1932. [Signed] James A. Finley, Chancellor. Filed on the 12th day of July, 1932. Claim No. 1350. Paid by warrant No. 573 on 8/4/32, at regular meeting of Board on 8/4/1932." At intervals of six months other warrants of the same character and wording were filed, and allowances made therefor, and paid out of the county treasury.

It was alleged in the amended bill that said T. B. Gilmore, the defendant, had claimed and been allowed $500 under subsection (y) of section 1786, Code of 1930; that said Gilmore collected and received from the common county fund of Pontotoc county, Miss., the sum of $500 for each of the years; that the sums allowed Gilmore by the Board, and drawn from the common fund of the county by him, as set out in the original declaration, were claimed by him under and by virtue of the provisions of subsection (t), section 1786, Code of 1930; and that such sums were allowed by the said Board of Supervisors, acting in their official capacity, without authority of law, were illegally withdrawn from the common fund of Pontotoc county, and received by Gilmore without authority of law; that the said Gilmore was not entitled to receive from Pontotoc county, or from any fund belonging to said county, any compensation, under

the provisions of subsection (t) of section 1786, Code of 1930.

To the amended declaration a plea was filed by the defendants, alleging that the plaintiff should not recover against them, because, during the period in which the several payments were made to the defendant Gilmore, Pontotoc county was, by its assessed valuation of real, personal, and public service corporations property, a member of a statutory class of counties in which circuit clerks were entitled by law to compensation of $200 per annum for public services not specifically provided for, if allowed and ordered by the court; that section 1786, Code of 1930, under subsection (t) thereof, provides that the chancery clerk is entitled to the fees allowed clerks of the circuit court for similar services; that from the nature of the office and otherwise T. B. Gilmore, as chancery clerk, rendered public services not provided for, and became entitled to such compensation as was allowable to clerks of the circuit court under third subsection (c), section 1788, Code of 1930, for such additional fees for public services, not provided for, if the chancery court saw fit to allow the same; that, in view of the statutory provisions, and under the facts set out in this plea, the said payments complained of were entirely legal and proper, and authorized by law; that the chancery court of Pontotoc county adjudicated that the defendant was entitled thereto; and that the Board of Supervisors had a right to pay the claims, and he to receive them.

This plea was demurred to, the demurrer was sustained, and, the defendants declining to plead further, judgment was entered in favor of the State Tax Collector for the said sums demanded in the declaration; from which judgment this appeal is prosecuted.

It will be noted from a comparison of section 1786, Code of 1930, allowing fees of the chancery clerk, and section 1788 of the Code, allowing fees to the circuit

clerk, that there are specific fees allowed to the circuit clerk which are not specifically enumerated in section 1786 allowing fees to the chancery clerk. But subsection (t) of section 1786 reads as follows: ''For all other services, the same fees as are allowed clerks of the circuit court for similar services.'' In subsection (y) of section 1786 it is provided as follows: ''For other services as clerk of the board of supervisors and as clerk of the chancery court, an allowance may be made to him, within the discretion of the board of supervisors, upon the approval of the chancellor of the district, payable semi-annually at the July and January meetings out of the county treasury as follows: In counties where the assessed valuation of real, personal and public service corporations property does not exceed five million dollars, an annual sum not exceeding $500.00.'' This is the provision applicable to the county here involved. There are provisions applicable to other counties, increasing the amount of the allowance to the chancery clerk.

Under third subsection (c), section 1788, Code of 1930, it is provided: ''For public service not particularly provided for, the circuit court may allow the clerk, per annum, to be paid by the county on the order of the board of supervisors, to be entered on presentation of the circuit court's order, the following amounts: . . . In counties where the assessed valuation of real, personal and public service corporations property exceeds fifteen million dollars, an annual sum not exceeding $200.00.''

It is manifest that the Legislature did not intend to provide in two separate specific sections for these services not otherwise enumerated, so as to allow the chancery clerk compensation twice for the same services.

It was held in Ex parte Thomas, 59 Miss. 522, construing section 442, Code of 1880, in connection with section 444 of the same Code, providing for fees for circuit clerks, which is the same as subsection (t) of sec-

tion 1786, Code of 1930, that the chancery clerk was not allowed other than specified fees stated in the fee bill of the circuit clerk for similar services. The court said: "The 'other services' for which the clerk of the Chancery Court may charge such fees as are allowed clerks of the Circuit Courts, are such 'services' as are named in section 443. By comparison of the fees allowed to clerks of the Circuit Courts by sections 443, 444, it will be seen that the fees for the same services are not the same in civil and criminal causes. In civil causes, a fee of seventy-five cents is allowed for each writ other than those specifically named. In criminal cases the fee is for each writ other than subpoenas. In civil cases, he is allowed for each subpoena with one name twenty-five cents, and for each additional name ten cents, while in criminal cases he is allowed twenty-five cents for one name and five cents for each one additional. In civil cases, for entering each motion and order twenty-five cents, while in criminal cases the fee is fifteen cents. It is apparent that the criterion for fixing the charges must be one or the other, and not both, of these sections. The services rendered by clerks of the Chancery Courts are in civil cases only, and the fees to which they are entitled are chargeable only to litigants."

This is a construction of the statute brought forward in subsequent Codes to 1880, and is treated as part of the statute itself, which the court must accept. It is manifest that the Legislature did not intend to allow double compensation for unspecified services, and the court below was correct in entering judgment sustaining the demurrer to the plea, and rendering final judgment, and the judgment is affirmed.

Affirmed.